UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,  :
:
v.  : **MEMORANDUM & ORDER**
: 12-CR-0522 (WFK)
VINCENT NAPOLINO,  :
:
                    Defendant.  :
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 10, 2016, Vincent Napolino ("Defendant") pleaded guilty to one count of possession of a controlled substance, in violation of 21 U.S.C. § 844(a). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 15 days of incarceration, a fine of $2,500.00, and payment of the $100.00 special assessment.

## BACKGROUND

On November 10, 2016, the United States filed a Superseding Misdemeanor Information against Defendant, alleging he had knowingly and intentionally possessed marijuana, a Schedule I controlled substance. *See* Superseding Misdemeanor Information at 1, ECF No. 25. The same day, Defendant pleaded guilty to the Information's sole count pursuant to a Plea Agreement. *See* Plea Agreement ¶ 1, ECF No. 26.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I.    Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . .

. the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

**II. Analysis**

**A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Born on December 16, 1977, Defendant was raised by both parents in an upper-middle-class household in Queens, New York. *See* Presentence Investigation Report ("PSR") ¶ 36, ECF No. 29. Although they divorced when he was eight years old, Defendant's parents both played active roles in his life and maintain close relationships with him. *Id.* ¶¶ 36, 38.

Defendant dropped out of high school in the eleventh grade, but he completed his GED through the University of Albany in 2001. *Id.* ¶¶ 58-59. When he was twenty years old, Defendant was convicted of possession of ecstasy pills, a hypodermic needle, steroids, ketamine, and a drug pipe and sentenced to three years of probation. *Id.* ¶ 27. Between 2003 and 2007, he

was also convicted of simple assault, operating a motor vehicle while intoxicated, and false personation. *Id.* ¶¶ 28-30.

On August 14, 2007, $397,310.00 in U.S. currency was seized from Defendant subsequent to a stop by Homeland Security Investigations ("HSI") agents. *Id.* ¶ 5. It was determined that Defendant had also engaged in other currency deliveries totaling approximately $1,235,000.00 between July 13, 2007 and August 14, 2007. *Id.* ¶ 90. Although Defendant was subsequently escorted to the HSI New York office, he was released prior to arrest. *Id.* ¶ 8. Several years later, on August 10, 2012, the Government filed an Information charging Defendant with money laundering, in violation of 18 U.S.C. § 1956, and an arrest warrant was filed for Defendant in connection with currency deliveries related to narcotics trafficking on July 13, 2007, August 3, 2007, and August 14, 2007. *Id.* Defendant was not immediately apprehended, however. *Id.*

At the age of twenty-five, Defendant met and began a relationship with Roxanne Tzitzikalakis. *Id.* ¶ 40. The two married in 2010 and have one child together, but they divorced in 2015. *Id.* Defendant and Ms. Tzitzikalakis maintain a close relationship for their daughter's benefit, and Defendant provides financial support for her when he is employed. *Id.* After his divorce, Defendant moved into his father's residence and has remained there since. *Id.* ¶ 42. He also began smoking marijuana on a weekly basis. *Id.* ¶ 50.

On April 20, 2016, Defendant was arrested pursuant to the outstanding arrest warrant issued in 2012 in connection with the above-mentioned money-laundering offenses, but he was not ultimately charged for them. *Id.* ¶¶ 9, 12. The Government has advised that, due to a disagreement about the statute of limitations for those offenses, the parties agreed Defendant would plead guilty to the instant misdemeanor marijuana possession charge. *Id.* ¶ 12. This

3

charge is based on Defendant's post-arrest statements and a review of Defendant's cell phone records, which reflect a pattern of marijuana possession. *Id.* No drugs were seized in regard to these charges and there are no identifiable victims in this offense. *Id.* ¶¶ 12-13. On April 21, 2016, Defendant was released on bond. *Id.* at 1.

After his arrest for the instant offense, Defendant developed a regular cocaine habit, *id.* ¶ 51, and he was arrested again on June 14, 2016 for possession of a controlled substance by the Nassau County Police Department, *id.* ¶ 33. On July 8, 2016, Defendant's bond was modified to include his father as a third-party custodian and to impose conditions requiring Defendant to enter a residential substance abuse program. *Id.* ¶ 3. Defendant was placed on home confinement via location monitoring until his admittance to a residential drug treatment program on August 9, 2016. *Id.* Defendant successfully completed this program on February 9, 2017 and has been compliant with his pretrial supervision conditions since his release from the program. *Id.* According to program documents, Defendant displayed "the qualities needed to be a role model to his younger peers who [had] just entered into treatment" and "has obtained the tools needed to become a positive, productive, and respected member of society." *Id.* ¶ 56.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of possession of a controlled substance, in violation of 21 U.S.C. § 844(a), for which he faces a maximum term of imprisonment of two years and a minimum term of imprisonment of fifteen days due to his prior conviction for a state law drug offense in 1998. *See* 21 U.S.C. § 844(a). The Court may also impose a term of supervised release of not more than one year. *See* 18 U.S.C. § 3583(b)(3). Because the offense is a Class E felony, Defendant may also be sentenced to a term of probation of not less than one nor more than five years, *see id.* § 3561(c)(1), with one of the following conditions unless extraordinary circumstances exist: a fine, restitution, or community service, *see id.* § 3563(a)(2). Defendant also faces a minimum fine of $2,500.00, *see* 21 U.S.C. § 844(a), and payment of the mandatory special assessment of $100.00, *see* 18 U.S.C. § 3013.

## D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Guidelines § 2D2.1 applies to violations of 21 U.S.C. § 844(a) and sets a base offense level of four. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D2.1 (Nov. 2016) ("USSG" or "Guidelines"). Defendant's acceptance of responsibility by pleading guilty,

however, permits a two-level reduction. *Id.* § 3E1.1(a). Accordingly, Defendant's total adjusted offense level is two. Defendant's criminal conviction for operating a motor vehicle while under the influence of alcohol in 2007 results in a criminal history score of one, *see* PSR ¶ 29, which establishes a criminal history category of one, *see* USSG ch. 5, pt. A.

Given a total offense level of two and a criminal history category of one, the Guidelines suggest a term of imprisonment of between zero and six months. USSG ch. 5, pt. A. Defendant may also be sentenced to: a term of supervised release of one year, *id.* § 5D1.2(a)(3); a term of probation of no more than three years, *id.* § 5B1.2(a)(2); a fine of between $200.00 and $9,500.00, *id.* § 5E1.2(c); and payment of the costs of prosecution, *id.* § 5E1.5.

### E. Pertinent Policy Statements of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Guidelines § 4A1.3 contains a pertinent policy statement regarding departures based on the inadequacy of a defendant's criminal history category. Specifically, it provides that, "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." USSG § 4A1.3(a)(1). Such reliable information may include information concerning "[p]rior similar adult criminal conduct not resulting in a criminal conviction." *Id.* § 4A1.3(a)(2)(E).

Here, Defendant was initially arrested on charges of money laundering stemming from currency deliveries in 2007. PSR ¶ 90. On August 14, 2007, $397,310.00 in currency derived from narcotics trafficking was seized from Defendant. *Id.* It was determined that Defendant engaged in other currency deliveries totaling approximately $1,235,000.00 between July 13,

6

2007 and August 14, 2007. *Id.* Although these offenses are not considered relevant criminal conduct and have not been factored into Defendant's sentencing options, these circumstances may serve as a basis for an upward departure for uncharged criminal conduct pursuant to Guidelines § 4A1.3(a)(2)(E). *Id.*

Had Defendant been charged with a money laundering offense, his 1998 conviction for criminal possession of a controlled substance and his 2003 conviction for simple assault would have each received one criminal history point under Guidelines § 4A1.1(c). *Id.* ¶ 91. Had Defendant pleaded guilty to a money laundering offense, the date of the offense would be 2007, and the convictions would be within the applicable time for criminal history points. *Id.* With the addition of two criminal history points, Defendant's criminal history category would increase from one to two. *Id.* Thus, this could serve as the basis for an upward departure for an under-represented criminal history calculation pursuant to Guidelines § 4A1.3. *Id.*

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

For the reasons stated in this memorandum and order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in this case, *see id.* § 3663.

## CONCLUSION

A sentence of 15 days of incarceration, a fine of $2,500.00, and payment of the $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2017
      Brooklyn, New York